UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

KARL D. BRITT,

    Petitioner,

    v.

TERRIE L. GONZALEZ, Warden,

    Respondent.

                                 /

No. C 12-2160 PJH (PR)

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS, DISMISSING PETITION, AND DENYING CERTIFICATE OF APPEALABILITY**

    This case was opened when petitioner, a prisoner at the California Men's Colony, filed a petition for a writ of habeas corpus directed to a judgment of the California Superior Court for Sonoma County. He contends that the court improperly imposed a restitution obligation upon him without determining whether there was any realistic possibility of his paying it. The court does not, however, have jurisdiction over a "state prisoner's in-custody challenge to a restitution order imposed as part of a criminal sentence." *See Bailey v. Hill*, 599 F.3d 976, 982 (9th Cir. 2010) (state prisoner's claim regarding restitution order is not claim that prisoner is in custody "in violation of the Constitution or laws or treaties of the United States," as required by 28 U.S.C. § 2254(a) for habeas jurisdiction).

    In an appropriate case a habeas petition may be construed as a Section 1983 complaint. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Although the court *may* construe a habeas petition as a civil rights action, it is not *required* to do so. Since the time the *Wilwording* case was decided there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For civil rights cases, however, the fee is now $350 and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if

granted in forma pauperis status, by way of deductions from income to the prisoner's trust account.  *See* 28 U.S.C. 1915(b)(1).  A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee would be deducted from income to his or her prisoner account.  Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

In view of these potential pitfalls for petitioner if the court were to construe the petition as a civil rights complaint, the case will be dismissed without prejudice to his filing a civil rights action if he wishes to do so in light of the above.

Petitioner's motion for leave to proceed in forma pauperis (document number 2 on the docket) is **GRANTED**.  This case is **DISMISSED**.  Petitioner's motion for modification of the sentence (document 3) is **DENIED** as moot.

Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA).  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  May 25, 2012.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.12\britt2160.dsm.wpd

2